## Pettit's Estate.

*Wills—Construction—General legacies—Residuary bequests.*

The testator, in paragraph 6 of his will, devised his residuary estate in trust to pay the income, one-half to his wife for life, and out of the remaining one-half to pay an annuity of $600 to A, at the discretion of the trustees, $1000 to B and the remainder of said remaining one-half of the income to the others. By paragraph 7, he devised his residuary estate on the death of his wife, giving certain corporate stock to be held in trust for the benefit of A, dividends to be paid to him in the exercise of the trustees' discretion during his life. By paragraph 8, testator provided that upon the death of his wife the rest, residue and remainder of his estate, after deducting the said stock, should be paid over to certain of his children: *Held,* that paragraph 6 was intended to apply only to the distribution of income during the widow's life, while paragraphs 7 and 8 disposed of the residuary estate after her death, and, therefore, A's annuity ceased on the death of the widow.

Petition to file account and answer.  O. C. Phila. Co., Jan. T., 1922, No. 703.

*Lewis Worthington Colfelt,* for petitioner.

*Scott, Van Dusen, Archbald & Johnson,* contra.

GEST, J., Dec. 22, 1922.—The testator died in January, 1893. His three executors and trustees have all since died, and now, for the first time, the petitioner, a son of testator, claims that he is entitled under the will to an annuity of $600 per annum from the death of the testator, in addition to what he has received under the residuary clause of the will, and has cited the personal representatives of the deceased executors to file their account. It may well be that the petition should be dismissed on the ground of laches, but we prefer to decide the case on its merits.

The testator, in the sixth paragraph of his will, devised his residuary estate to his wife and his sons, Silas and Horace, in trust to pay over the income, one-half to his wife so long as she should live, and out of the remaining half to pay to or for the use of his son Charles, the petitioner, the sum of $600 per year in such amounts, at such times and in such manner as said trustees should consider to be most conducive to his best interest and welfare, and also out of said remaining half part of the income to pay to his daughter Mary $1000 per year, the remainder of the said remaining one-half part of the income to be divided equally among his children, Silas, Mary, Horace and Margaretta, in equal shares. In the seventh and next paragraph of his will the testator devised his said residuary estate, upon the death of his wife, as follows: 200 shares of the capital stock of the North Pennsylvania Railroad Company, to be held in trust for the benefit of his son Charles, the dividends to be paid over to him, or paid towards his maintenance and support in such manner, at such times and in such sums as they, in the exercise of their judgment, should deem most fit and proper during his life, and upon his death to pay over the principal sum among such persons as would by the intestate laws of Pennsylvania be entitled to the same had his son Charles been possessed thereof and died intestate. By the eighth and following clause of the will the testator further provided, upon the death of his said wife, that the rest, residue and remainder of his estate, after deducting therefrom the said 200 shares of stock, should be transferred and paid over to his children, Silas, Mary, Horace and Margaretta.

The widow of the testator survived him only eighteen days, and the surviving executors and trustees, without filing an account, have continuously paid the dividends of the North Pennsylvania Railroad stock to their brother, the petitioner, who now claims that he is, in addition, entitled to the annuity of $600 per year from his father's death. A mere reading of the will is

sufficient to show that paragraph six was intended to apply only to the distribution of income during the life of the testator's widow, while paragraphs seven and eight dispose of the residuary estate after her death. There is then set aside in trust certain stock for the benefit of Charles, and the remainder of the principal is given absolutely to the other children. It is clear that the entire residuary estate is disposed of on the widow's death, and it follows that there would be nothing left from which the annuity of $600 could be paid. If the petitioner's argument is correct, on the other hand, the other children would also be entitled, under paragraph six, to their shares of the one-half of the income of the estate therein given to them, and an intestacy would result as to the other one-half after the death of the widow, which would be absurd. It may be further observed that the gifts of income to the children of testator, in paragraph six, are not limited to their lives, and as it cannot for a moment be supposed that these gifts were without limitation of time, their duration is naturally restricted to the widow's lifetime. The direction that the annuity of $600 per annum and the income from the stock bequeathed for the benefit of Charles shall not be subject to his debts, contracts, etc., leads to no inference that Charles was entitled to both at the same time; the obvious meaning is that neither gift should be liable during either period.

As we discover nothing in the will to sustain the petitioner's claim, the petition is dismissed.

LAMORELLE, P. J., did not sit.

THOMPSON, J., took no part in the decision of this case.